IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-266 (3) |
| | § | C.A. No. C-05-_____ |
| ANDREI RAMIREZ-BRIONES, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Andrei Ramirez-Briones' ("Ramirez-Briones")[1] motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 52).[2] His motion was originally styled as a motion seeking relief pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), recently extended to the federal guidelines in United States v. Booker, 125 S. Ct. 738 (2005). In the motion, Ramirez-Briones requests that this Court "reverse" his sentence and resentence him, in light of Blakely. (D.E. 52 at 7).

In an order entered December 13, 2004, the Court notified Ramirez-Briones that it intended to construe his motion as a motion pursuant to 28 U.S.C. § 2255. Pursuant to the

---

[1] In his motion, the defendant refers to himself as Andrei Briones-Ramirez. In the underlying criminal proceedings, however, he was identified as Andrei Ramirez-Briones. For consistency's sake, the Court will utilize the latter name.

[2] Dockets entries refer to the criminal case, C-02-cr-266.

1

directives of <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003), the Court gave Ramirez-Briones the opportunity to supplement his motion or to voluntarily withdraw his motion. (D.E. 53). To date, Ramirez-Briones has not filed anything in response to the Court's order. Thus, the motion is hereby construed as a motion pursuant to 28 U.S.C. § 2255 and is addressed herein.

The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Ramirez-Briones' motion as time-barred. Additionally, the Court DENIES Ramirez-Briones a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On September 24, 2002, Ramirez-Briones and several co-defendants were charged in a multiple-count indictment. Ramirez-Briones was named in counts one and three and charged with: 1) conspiring to knowingly and intentionally possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count one); and 2) knowingly and intentionally possessing with intent to distribute approximately 4.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 18 U.S.C. § 2 (count three). (D.E. 1). Ramirez-Briones pleaded guilty to count three pursuant to a written plea agreement on March 3, 2003. (D.E. 32, 33).

Ramirez-Briones was sentenced on May 21, 2003, and judgment of conviction was entered June 4, 2003. (D.E. 45, 48). Ramirez-Briones did not appeal his conviction or sentence. On September 8, 2004,[3] Ramirez-Briones filed his motion for relief pursuant to Blakely, supra. (D.E. 52). That motion, construed as a § 2255 motion, is now pending before the Court.

### III.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4]  28 U.S.C. § 2255. The

---

[3]     Ramirez-Briones' motion was received by the Clerk on September 13, 2004, but is dated September 8, 2004 and contains a Certificate of Service dated September 8, 2004. Thus, that is the earliest date that it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed on September 8, 2004.

[4]     The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

The period for Ramirez-Briones to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). Calculated under Rule 26, Fed. R. App. P., ten days after June 4, 2003 is June 18, 2003. In this case, Ramirez-Briones did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on June 18, 2003. Ramirez-Briones' time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on June 18, 2004. Ramirez-Briones' motion is deemed filed as of September 13, 2004. Thus, it was filed approximately three months beyond the deadline.

Presumably, Ramirez-Briones relies on subsection (3) of the limitations period in § 2255, which allows a motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This section is only applicable, however, if Blakely -- or more appropriately, Booker -- applies retroactively on collateral review. Put differently, if Booker applies retroactively to cases on collateral review, then Ramirez-Briones' Booker claim is arguably timely under § 2255(3).

4

The Fifth Circuit has not yet addressed whether Booker applies retroactively on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.[5]

The Court agrees with the reasoning and conclusions set forth in the foregoing cases and thus holds that Booker is not retroactive to cases on collateral review. Because

---

[5] Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts of appeal, holding that Booker is retroactive.

Ramirez-Briones' conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. His motion is therefore time-barred.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Ramirez-Briones has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA

determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Ramirez-Briones has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred, nor could they disagree that the Court's procedural ruling on this point is correct.  Accordingly, Ramirez-Briones is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Ramirez-Briones' motion under 28 U.S.C. § 2255 (D.E. 52) is DENIED.  The Court also DENIES Ramirez-Briones a Certificate of Appealability.  Finally, because Ramirez-Briones' motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to: 1) open a new civil action as related to Ramirez-Briones' § 2255 motion; 2) docket both his motion (D.E.52) and this Order in the civil case; and 3) close the civil case on the basis of this order.

ORDERED this 31st day of May, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE